IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LUIS HENRIQUEZ and REINA : 
HENRIQUEZ, :
:
      Plaintiffs, :
: CIVIL ACTION NO.
      v. : 1:10-CV-3825-TWT-CCH
:
FEDERAL HOME LOAN :
MORTGAGE CORPORATION, :
:
      Defendant.

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 22nd day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUIS HENRIQUEZ and REINA HENRIQUEZ, | : : : | CIVIL ACTION NO. 1:10-CV-3825-TWT-CCH |
| Plaintiffs, | : : | |
| v. | : : | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | : : : | |
| Defendant. | : : | **ORDER AND REPORT AND RECOMMENDATION** |

Plaintiffs, acting *pro se*, seek leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Though much of it is left blank, the affidavit of poverty indicates that Plaintiffs earn $1,500 per month from employment, and they spend $1470 per monthly in average expenses. Accordingly, the Court finds that Plaintiffs are unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**.

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. See Fed. R. Civ. P. 4(c)(3). In the instant action, the allegations in Plaintiffs'

"Complaint and Emergency Request for Temporary Injunction Supplemental Jurisdiction and Stay of Action" ("Complaint") [1] suggest that Plaintiffs have failed to state a claim upon which this Court may grant relief, and if so, the Court may dismiss the action without ordering service by the Marshal's Service. The Clerk is **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge orders otherwise.

Under 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a plaintiff may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, there must be sufficient facts to demonstrate that the claim made is *plausible*. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Because Plaintiffs are

2

proceeding *pro se*, however, the Complaint must be "liberally construed." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Even so, the Court still "need not accept as true legal conclusions or unwarranted factual inferences," <u>Montgomery v. Huntington Bank</u>, 346 F.3d 693, 698 (6th Cir. 2006), and nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. <u>Trawinski v. United Technologies</u>, 313 F.3d 1295, 1297 (11th Cir. 2002).

In their Complaint, Plaintiffs bring an action against a single Defendant, Federal Home Loan Mortgage Corporation, that is apparently based on alleged violations of the Truth in Lending Act ("TILA"), 14 U.S.C. §§ 1601 *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2600 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Georgia Code, O.C.G.A. § 51-1-6. <u>See</u> Complaint at ¶¶ 2-3. Plaintiffs allege that they have "solid proof of the Defendant's failure to respond to a 'Qualified Written Request' under RESPA . . . plus numerous other violations by Defendant which shall be shown," and in support, Plaintiffs refer to an unknown attachment. Complaint at ¶ 2. Plaintiffs also state that "[t]he actions and violations discussed in this court speak directly" to FDCPA, RESPA, and TILA. Complaint at ¶ 3. Both Plaintiffs signed

and attached identical fill-in-the-blank affidavits alleging that "Margarita" of "Re-Max of Georgia" contacted them and informed them that their home had been foreclosed on by their lender.  See Exhibit D, attached to Complaint [1]. Plaintiffs further state that a housing agency contacted a court on Plaintiffs' behalf and learned there was no eviction order, and that the attorneys who "did the foreclosure" were from McCalla Raymer, a law firm that is apparently under investigation for fraud.  Id.

While a complaint need only contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, the complaint must contain sufficient facts to show that a plaintiff's claims are plausible.  Twombly, 550 U.S. at 570.  In this case, Plaintiffs have filed a hand-edited form complaint that includes essentially no facts in support of the allegation that Defendant has violated several state and federal statutes.  What few facts Plaintiffs do allege – that they live or lived at 2495 Canary Court in Gainesville, Georgia, that they were contacted by a real estate agent about a foreclosure, and that the attorneys who processed the foreclosure are under investigation for fraud for another foreclosure – are not sufficient to support any of their claims.  Further, Plaintiffs have not pled any facts that would indicate that the sole defendant named in the action, Federal Home Loan Mortgage Corporation, participated in an allegedly improper foreclosure of Plaintiffs' property.

4

Accordingly, although Plaintiffs implore the Court not to commit a "'[g]rave and [s]erious' faux pas" by deeming their case a "delay tactic" or "frivolous procedure," see Complaint at ¶ 8, and although *pro se* parties must be afforded a degree of leniency, the Court finds that Plaintiffs' Complaint fails to state any claim on which relief may be granted and must be dismissed.

For all the reasons discussed above, Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, and further, the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED AND RECOMMENDED** this 22nd day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE